TRAVELERS INSURANCE COMPANY, PLAINTIFF-APPELLANT, *v.*
MOTORISTS MUTUAL INSURANCE COMPANY ET,
DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25552.   Decided December 7, 1961.

130

*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for plaintiff-appellant.

*Messrs. Johnson, Weston, Blackmore, Cory & Hurd,* for defendants-appellees.

(HUNSICKER, P. J., and DOYLE, J., of the Ninth District, and GUERNSEY, J., of the Third District, sitting by designation in the Eighth District.)

GUERNSEY, J. This is an appeal on questions of law from a judgment of the common pleas court in favor of the defendant. The action was tried without a jury on a stipulation of facts together with the testimony of two witnesses.

Among other things not applicable to this appeal, it is undisputed that at all times herein pertinent the defendant-appellee Motorists Mutual Insurance Company had in full force and effect its policy of automobile liability insurance issued to one Harold Weissman; that on February 15, 1956, Rhea Weissman, his wife, had driven the car described in the policy to a grocery operated by The Fisher Bros. Company and made purchases thereat which were conveyed to and loaded in the rear seat of the car by an employee of Fisher Bros; that the car door, which had been opened to permit loading, was closed on Mrs. Weissman's left hand which she had rested on the center post of the car causing injury thereto; that thereafter Mrs. Weissman filed suit against Fisher Bros. to recover damages for the injury alleging the negligence of Fisher Bros. through its employee; that at all times herein mentioned the plaintiff-appellant The Travelers Insurance Company had in full force and effect its comprehensive liability policy insuring Fisher Bros. against loss for bodily injury; that the "other insurance" clause of the Travelers policy provided, in these circumstances, that the coverage of such policy would only be excess to the coverage of the Motorists Mutual policy; that Fisher Bros. and Travelers gave Motorists Mutual notice to defend Fisher Bros., as an insured, in the action filed by Mrs. Weissman; that Motorists Mutual at all times refused to defend or extend coverage to Fisher Bros. as an insured under its policy; that Travelers defended Fisher Bros. but settled the lawsuit before trial and judgment for the amount of $450.00 after giving Motorists Mutual timely notice of the contemplated settlement and the amount thereof; that Travelers expended $125.00 in attorneys' fees in said defense and settlement; that without reference to whether the settlement was reasonably made as to the liability, if any, of Fisher Bros. to Mrs. Weissman, it was

a reasonable settlement in its relation to the extent of her personal injuries and the attorneys' fees paid were reasonable and proper; that the claim of Travelers against Motorists Mutual in the instant action is for the $575.00 thus expended with interest from the date of settlement; that the Travelers policy contained the usual clause subrogating it, in the event of any payment under its policy, to the rights of its insured to recover therefor against any person or organization; and that the following agreements of Motorists Mutual with its named insured were included in its contract of insurance:

"1. Coverage A—BODILY INJURY LIABILITY—To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS—As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * * ."

"CONDITIONS

"(Applicable to all coverages except as otherwise stated herein.)
"* * *

"6. ACTION AGAINST COMPANY Coverages A and B No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been fully determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. * * *"

The testimony of the two witnesses was directed to and was conflicting on the question of the actual liability of Fisher Bros. to Mrs. Weissman.

In its entry of judgment the trial court found:

"I. That the first permittee, Mrs. Weissman, was granted use of the automobile by the insured, Harold Weissman, and that the use as to the employee of Fisher Bros. was one of benefit not only to the first permittee, Mrs. Weissman, but also to the Fisher Bros.

"II. That the closing of the door was part of the loading of the vehicle as contemplated by the defendant's policy.

"III. That there was no intention that Mrs. Weissman was to be a named insured within the meaning of Motorists Mutual Insurance Company's policy and that, therefore, said policy does not exclude coverage to the Fisher Bros. Company.

"IV. That the Fisher Bros. Company is an additional insured under the policy of the defendant issued to Harold Weissman.

"V. That Motorists Mutual Insurance Company was the primary insurer and, as such, was liable to assume investigation and defense of the case and any judgment rendered against the insured.

"VI. That the Plaintiff, having assumed the defense in this action, after defendant had refused to do so, may recover from the defendant as the primary insurer the amount so expended as to settlement and attorneys fees within the limits of its policy.

"VII. That the negligence on the part of the employee of Fisher Bros. has not been established by the preponderance of the evidence and therefore no proof of legal responsibility on the part of Fisher Bros. for the use of the vehicle was established."

Plaintiff-Appellant assigns error as follows:

"1. The Common Pleas Court erred in refusing to make a finding as to the reasonableness of the settlement entered into by plaintiff-appellant and Mrs. Rhea Weissman.

"2. The Common Pleas Court erred in overruling the motion of plaintiff-appellant for judgment notwithstanding the verdict.

"3. The judgment entered for defendant-appellee is contrary to law and against the weight of the evidence."

No cross-appeal nor assignments of error were filed by defendant-appellee. (Section 2505.22, Revised Code.)

Although the trial judge has favored us with an opinion in support of his findings, they are not before this court for review. Each of the first six findings was in favor of the appellant and are not herein contested. Indeed, the appellant does not in fact contend that the trial court committed error as to the seventh finding. We do not therefore make any determination, except as may hereafter appear, whether the findings were correct conclusions of law and fact, and, for the purposes of this appeal, will assume that they were.

Appellant has not separately argued each assignment of error and its arguments are directed to the proposition that appellant was entitled to a finding by the trial court that the settlement made was reasonable and that such finding of reasonableness, coupled with the other findings of the trial court, would entitle Travelers to a judgment against Motorists Mutual for the amount of the settlement and for the amount of the attorneys' fees paid for the defense and settlement.

Motorists Mutual's liability, if any, must be determined by its contract of insurance in which Travelers was neither a contracting party nor a direct beneficiary. Any rights that Travelers would have under the contract, on the facts herein, are indirect and except as might be varied by the laws of suretyship, or by equity, are solely a subrogee of Fisher Bros., found by the trial court to be an insured under the policy. Such rights, as subrogee, could rise no higher than, but would rise as high as, the rights of Fisher Bros. In the event that Fisher Bros. could have made like settlement and paid like attorneys' fees and collected under the provisions of the policy from Motorists Mutual then Travelers likewise can do so.

The issue before us is thus reduced to the question whether under a contract of insurance which includes the provisions hereinbefore quoted the insured may recover from the insurer for the amount paid by the insured to a claimant in settlement, without trial and judgment, of a lawsuit brought against the insured by the claimant alleging an injury within the scope of the coverage of the policy and/or for the amount paid by the insured as reasonable and proper attorneys' fees incurred in the defense and settlement of the lawsuit, when such defense and settlement have been accomplished without the participa-

tion of the insurer after the insurer has denied coverage and refused to defend.

In our view of this case the question of the liability of Motorists Mutual for attorneys' fees should be first resolved.

It is the established law of Ohio that when an insurance contract contains a defense clause, as hereinbefore quoted, and the allegations of the claimant's petition bring the action within the scope of the coverage of the policy, then it is the duty of the insurer to make defense regardless of whether the insurer is ultimately liable for the injury claimed, and if the insurer refuses to defend the action initiated by such petition causing the insured to provide his own defense for his own protection, then the insured may recover from the insurer for reasonable attorneys' fees and proper expenses incurred in such defense, even though the defense of such action actually results in judgment for the insured. *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.*, 144 Ohio St., 382. The insurer being liable, under such circumstances, for reasonable attorneys' fees and proper expenses incurred in defending the action to judgment it would seem to follow that the insurer should likewise be liable when a settlement is reached short of judgment. The obligation to defend and to pay for the defense arose the moment the suit was filed. With respect to attorneys services settlement was as much a part of the defense as would have been a complete trial in the absence of settlement.

Mrs. Weissman's petition alleged an injury within the scope of the coverage of the Motorists Mutual policy, and when Motorists Mutual denied coverage and refused to defend Fisher Bros., Fisher Bros. had to provide its own defense for its own protection, or have their secondary insurer provide same. When Travelers provided same it became subrogated to Fisher Bros.' rights against Motorists Mutual to recoup the reasonable and proper costs of the defense, including settlement. In our opinion defendant-appellee was liable to plaintiff-appellant for the attorneys' fees and the trial court committed prejudicial error in not rendering judgment accordingly.

The question of Motorists Mutual's liability to Travelers for the amount of the settlement is decided on similar grounds.

It would appear from the principles of law involved in the case of *Farm Bureau Mutual Automobile Ins. Co.* v. *The Buck-*

*eye Union Casualty Co.*, 147 Ohio St., 79, decided by the Supreme Court in 1946, that Travelers would be barred from recovery because under the "other insurance" clause in its policy its coverage was only excess to the coverage for the same liability provided by the Motorists Mutual policy, that it had no obligation to pay the injury claim except as excess payment, and that any payment made within the limits of the Motorists Mutual coverage would have been made as a volunteer, for which payment it could not recover.

However, in 1952 the Supreme Court of Ohio distinguished on its facts and decided the case of *Aetna Casualty & Surety Co.* v. *Buckeye Union Casualty Co.*, 157 Ohio St., 385, the syllabus thereof being:

"1. Where the operator of an automobile is covered with respect to negligent operation thereof by two insurance policies issued by different companies one of which policies provides primary coverage and the other secondary coverage and the company which carries the primary coverage wrongfully disclaims coverage and refuses to defend or participate in settlement of an action which is brought against the insured, such disclaimer is made at its peril and the company which carries the secondary insurance may, after reasonable notice to the other company, effect reasonable settlement of the action and, *upon general equitable principles*, may recover from the carrier of the primary coverage the amount so expended within the limits of that policy." (Emphasis added.)

"2. Where a liability insurance policy which provides secondary insurance contains provisions subrogating the insurer to the rights of the insured, such subrogation provisions inure to the benefit of that insurer as against another insurance company which carries primary insurance in favor of the same insured."

The *Aetna case* appears on its face to be in point and entirely dispositive of the question here involved as the "other insurance" clauses of the policies in that case were respectively like the "other insurance" clauses of the policies involved in this, and the Buckeye Union insuring clause was the legal equivalent of the Motorists Mutual insuring clause. However, it does not appear in Judge Middleton's opinion in the *Aetna case* whether the Buckeye Union policy had an "action against

company'' condition equivalent to the one in the Motorists Mutual policy, hereinbefore quoted, and the argument is also made that the ultimate liability of Buckeye Union's insured to the injury claimant was certain, whereas in the instant case the trial court found no liability of the insured to the injury claimant.

Were we to assume, which may be contrary to fact, that the Buckeye Union policy did not contain an "action against company" condition like that in the Motorists Mutual policy it is nevertheless our opinion that, on the circumstances of this case, the law of the *Aetna case* would be no less applicable. As stated in the annotation, "Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy," 49 A. L. R. (2d), 694, 744:

"It appears to be well settled that an insurer cannot *breach its contract* by unjustifiably refusing to defend an action against the insured, upon the ground that the claim upon which the action was based was outside the coverage of the policy, and at the same time take advantage of a policy provision prohibiting the insured from settling any claim except at his own cost without the consent of the insurer. Consequently, an insurer's unjustified refusal to defend relieves the insured from his contract obligation not to settle, and the insured is at liberty to make a reasonable settlement or compromise without losing his right to recover on the policy." (Emphasis added.)

See also page 751 et seq. of the foregoing annotation and the annotation, "Insured's settlement of third person's claim without suit, following liability insurer's denial of liability on ground that claim is not within policy coverage, as affecting insurer's liability," 67 A. L. R. (2d), 1086.

These annotations and the authorities therein cited base the right of the insured to settle and recover therefor on the breach by the insurer of his contract to defend. They, like the *Aetna case*, supra, require that the settlement be reasonable, but do not require that actual liability of the insured to the claimant exist or be thereafter determined. Indeed, the only statement in the *Aetna case* respecting liability of the insured to the claimant appears on page 387 of Judge Middle-

ton's opinion that the insured "collided with a tractor and trailer outfit belonging to Gibbs (the claimant) under circumstances which made it probable that Butler (the insured) was liable to Gibbs for the damage this caused." Probability of liability is something far short of actual liability. It would appear that in any case where there has been a settlement of a lawsuit legal obligation to pay damages, as such, has not and cannot thereafter be determined. A settlement, in the sense to which it is referred to in this action, is a compromise and "a 'compromise' is an agreement between two or more parties who, *to avoid a lawsuit,* amicably settle their differences on such terms as they can agree on." (Emphasis added.) Sec. 1, Compromise and Settlement, 15 C. J. S., 711.

As long as the injury claim asserted in the petition comes within the scope of the coverage of the policy, and the terms of the policy are breached by the insurer by his refusal to defend, it is such breach which raises a right in the insured to make reasonable settlement of the lawsuit, independently of ultimate liability on the claim, and the factor of probability of ultimate liability is only one of those factors to be considered in determining whether or not the settlement was reasonable, and not a conclusive factor in such determination.

We are therefore of the opinion that the *Actna case* is actually and directly applicable to the case before us and that if on the evidence adduced the settlement herein involved was reasonable then on the basis of the other findings of the trial court the plaintiff-appellant would have been entitled to a judgment in its favor for the amount of the settlement with interest thereon from the date thereof.

Although in the *Aetna case* the Supreme Court of Ohio did not define, and other courts have not always defined, what should constitute a reasonable settlement, it appears that the primary factors involved are that it might be one which prudence and caution might dictate to be advisable, that it be made in good faith, and that it not be excessive in amount. 49 A. L. R. (2d), 749. It is even conceivable to this court that settlement of a lawsuit on an injury claim known to be groundless could be reasonable if the threat of prolonged and expensive litigation made the same prudent. The fact that insurers

agree to defend groundless claims, otherwise within the coverage of their policies, is a recognition that even groundless claims have a nuisance value subject to defense and settlement.

The record here reveals that a hearing was conducted after trial on plaintiff's oral motion for reconsideration and that the trial court, as to its decision on reasonableness of the settlement, had proceeded either on the hypothesis that the reasonableness of the settlement in. all respects had been stipulated or that its finding of non-liability on the claim was conclusive. If it had proceeded solely on the former hypothesis then there was no reason to consider the issue of reasonableness except as stipulated. However, accepting either hypothesis, the judgment indicates that it considered its finding of non-liability on the claim conclusive.

The only stipulation as to reasonableness was that the settlement was reasonable as to amount. There was no stipulation that it was reasonable as to prudence and good faith. Evidence as to facts determinative of liability on the injury claim known or reasonably available to the insured at the time of the settlement would be pertinent to the issue of whether prudence was exercised at such .time but a finding of non-liability on such injury claim made in a collateral action in which the injured person was not a party and which could not be a binding determination on either the injured person or the insured for the further reason that their differences had already been amicably settled, should not have retroactive conclusive effect on the question of whether prudence had been exercised at the time of settlement.

In our opinion, the trial court committed error prejudicial to appellant in considering its finding on liability on the injury claim conclusive on the issue of reasonableness of the settlement and entering judgment based on said finding. It made no determination of reasonableness except as thus erroneously determined, and, in consideration of the stipulation as to reasonableness of the amount of the settlement and the other evidence bearing on its reasonableness, it appears that the evidence on the issue of reasonableness is sufficiently conflicting that the issue must be determined by the trial court.

For the prejudicial errors hereinbefore mentioned the judgment of the trial court is reversed and this cause is remanded thereto for new trial and for further proceedings as provided by law.

Judgment accordingly.

HUNSICKER, P. J., and DOYLE, J., concur.